13-1705-cv
*SC Note v. Wells Fargo*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of January, two thousand and fourteen.

PRESENT:

DEBRA ANN LIVINGSTON,
RAYMOND J. LOHIER, JR.,
    *Circuit Judges,*
SIDNEY H. STEIN,[*]
    *District Judge.*

_____

SC NOTE ACQUISITIONS, LLC,

    *Plaintiff-Appellant,*

  -v.-              No. 13-1705-cv

WELLS FARGO BANK, N.A., MIDLAND LOAN SERVICES, INC., LNR PARTNERS, LLC, AS SUCCESSOR BY CONVERSION TO LNR PARTNERS, INC.,

    *Defendants-Appellees.*

_____

_____

[*] The Honorable Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

RUSSELL L. PENZER, Lazer, Aptheker, Rosella & Yedid, P.C., Melville, New York, *for Plaintiff-Appellant.*

GREGORY ALAN CROSS (Colleen Mallon, *on the brief*), Venable LLP, Baltimore, Maryland, *for Defendants-Appellees.*

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment and order of the District Court is **AFFIRMED**.

Plaintiff-Appellant SC Note Acquisitions, LLC ("SC Note") appeals from a judgment and order of the United States District Court for the Eastern District of New York (Bianco, *J.*) granting Defendants-Appellees' motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6).[1] SC Note contends that the district court erred in concluding that SC Note lacked a cognizable injury necessary to establish standing and ripeness. We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues on appeal.

---

[1] Defendants-Appellees moved to dismiss "under numerous theories, including that plaintiff lacks standing to sue regarding a potential future revocation of the Trust's tax status, that plaintiff lacks standing to bring a derivative action . . . , and that plaintiff did not satisfy the requirements of the no-action clause." The district court construed this as a motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6). However, those aspects of a motion to dismiss that challenge a court's jurisdiction to hear a claim are properly brought and reviewed under FED. R. CIV. P. 12(b)(1). Construing the jurisdictional challenge pursuant to Rule 12 (b)(1) does not affect our review of the case.

We review *de novo* the district court's grant of a motion to dismiss. *See In re Bernard L. Madoff Inv. Sec. LLC*, 721 F.3d 54, 63 (2d Cir. 2013); *Connecticut v. Duncan*, 612 F.3d 107, 112 (2d Cir. 2010). "To be justiciable, a cause of action must be ripe—it must present a real, substantial controversy, not a mere hypothetical question. Ripeness is peculiarly a question of timing. A claim is not ripe if it depends upon contingent future events that may not occur as anticipated, or indeed may not occur at all. The doctrine's major purpose is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013) (internal quotation marks omitted). In this way, ripeness overlaps with standing: the former is essentially "a specific application of the actual injury aspect of Article III standing." *Id*. at 688.

SC Note argues that it suffered a concrete injury and that its claims are ripe because the Trust's Real Estate Mortgage Investment Conduit ("REMIC") status was lost by operation of law. We conclude, however, that SC Note's alleged injury is speculative and that its claims are not ripe. First, the Trust continues to operate as a REMIC and its status remains unchanged by the Internal Revenue Service ("IRS"). SC Note alleges no instance, moreover, in which either the IRS or any court has

3

declared that an entity similarly situated to SC Note has lost its REMIC status by virtue of transactions such as those complained of here.

Even assuming, *arguendo*, moreover, that the Trust's ownership interest in these limited liability companies could cause the Trust to lose its REMIC status by operation of law, 26 U.S.C. § 860D(b)(2) vests the Secretary of the Treasury with the discretion to continue to recognize an entity as a REMIC if certain criteria are met. 26 U.S.C. § 860D(b)(2). SC Note has not adequately alleged that the Trust is ineligible for such consideration. In particular, SC Note makes no factual assertions from which to infer that the alleged cessation of REMIC status was not "inadvertent." 26 U.S.C. § 860D(b)(2)(B)(ii). The confluence of the Trust's continued operation as a REMIC, the IRS's continued recognition of the Trust as a REMIC, and the possibility of intervening agency amnesty under 26 U.S.C. § 860D(b)(2), renders SC Note's injury speculative. Accordingly, we affirm the district court's dismissal.

We have reviewed SC Note's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment and order of the District Court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4